**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**Greenbelt Division**

| | | |
|---|---|---|
| BARBARA C. RICHARDS | * | |
| | * | COMPLAINT |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | JURY TRIAL DEMANDED |
| WEINSTOCK, FRIEDMAN, | * | |
| & FRIEDMAN, P.A. | * | |
| | * | |
| Defendant | * | |

## COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### JURISDICTION

1.      Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2.      This action arises out of Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") in its illegal efforts to collect a consumer debt from Plaintiff.

3.      Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here

### PARTIES

4.      Plaintiff is a natural person who resides in Montgomery County, Maryland, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and a person with standing to bring a claim under the FDCPA by virtue of being directly affected by a violation of the Act.

5.      Defendant Weinstock, Friedman, & Friedman, P.A. ("WFF") is a law firm that specializes in debt collection with its principal place of business located at 4 Reservoir Circle, Baltimore, MD 21208-7301. Defendant WFF is a debt collector as that term is defined by 15 U.S.C. §1692a(6) in that it is a company collecting a consumer debt allegedly owed by Plaintiff.

### FACTUAL ALLEGATIONS

6.      In August of 2009, Plaintiff obtained a personal loan from First National Bank of Omaha ("FNB"). This was a obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

7.      On or about March 28, 2011, Defendant filed suit on behalf of FNB to collect on this debt. (Case No. 060200073662011 in the District Court of Maryland for Montgomery County)

8.      On or about December 28, 2011, Plaintiff sought relief from her creditors by filing a Chapter 7 bankruptcy with the United States Bankruptcy Court for the District of Maryland (Case No. 11-34955). On this date, Plaintiff's bankruptcy was reported to bankruptcy monitoring services such as AACER, and BANKO.

8.      In the schedules filed with the petition in this case and on the master mailing matrix filed with the Clerk of this Court, an unsecured debt was listed in favor of "Fnb Omaha" in the amount of $8311.00. A copy of the filed Schedule F is attached as **Exhibit A**.

9.      On or about December 31, 2011, the Clerk of the Bankruptcy Court certified that it had sent out notice of Plaintiff's bankruptcy to all creditors as well as the Bankruptcy Noticing Center, AACER, and BANKO. A copy of this certification is attached as **Exhibit B**.

10.     On or about January 13, 2012, after failing to do any due diligence on whether Plaintiff filed a bankruptcy, Defendant filed a Request for Wage Garnishment and a Request for Garnishment of Property with the District Court of Maryland for Montgomery County.

11.     These Requests that were filed with the Court stated that there was a "Total Amount Due on Judgment [by Plaintiff]" of $8,912.25. A copy of one of the Requests is attached as **Exhibit C**.

11.     On or about January 19, 2012, Plaintiff received a Notice of Wage Garnishment and contacted undersigned counsel.

12.     On or about January 20, 2012, undersigned counsel contacted Defendant and spoke to a representative who identified himself as "Mr. Prince".

13.     Mr. Prince explained that Defendant was unaware of the bankruptcy but that the garnishment would be dismissed.

14.     On or about January 21, 2012, Plaintiff unsuccessfully attempted to withdraw money from her bank account with Sandy Spring Bank.

15.     At first Plaintiff thought that perhaps she had no money in her account, but when she went home and called the bank to check the balance, the automated system reported that her account balance was in fact more than $8,400 negative.

16.     Plaintiff was highly distraught and indicated to undersigned counsel that she had scheduled bill payments online that had not yet cleared that would now not be paid on time, worsening her already tenuous financial position. This would be compounded by her incurring significant overdraft penalties.

17.     Defendant's actions caused Plaintiff to unnecessarily worry about being able to pay for her daily necessities such as groceries and gas.

18.     Sandy Spring Bank also assessed Plaintiff's account a $150.00 processing fee for executing the garnishment.

19.     On or about January 24, 2012, undersigned counsel left a message with Mr. Prince requesting a reimbursement of $150.00 fee due to the improper garnishment.

20.     On or about January 25, 2012, Mr. Prince called undersigned counsel and indicated that the attorneys in Defendant's office advised him that they would not reimburse Plaintiff for the $150.00 since it was not funds that Defendant received.

21.     On or about January 25, 2012, undersigned counsel spoke with a representative at Sandy Spring Bank who stated that she could not refund the money since it was not the Bank that had committed the error.

**COUNT I. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692 et seq.**

22.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23.     This Court in *Awah v. Donaty*, 2009 U.S. Dist. LEXIS 103077 (D. Md. Nov. 4, 2009) stated that in order for Plaintiff to make a successful claim under the FDCPA, he/she must show that

(1) The plaintiff has been the object of collection activity arising from consumer debt;

(2) The defendant is a debtor collector as defined by the FDCPA; and

(3) The defendant has engaged in an act or omission prohibited by the FDCPA.

24.     Here, all elements are present, satisfied, and cannot be disputed.

25.     The Honorable Judge Easterbrook wrote in *Randolph v. IMBS Inc. et al*, 368 F.3d 726 (7th Cir. 2004) that, "A demand of immediate payment while a debtor is in bankruptcy or after the debt's discharge) is 'false' in the sense that it asserts that money is due, although, because of the automatic stay (11 U.S.C. § 362) or the discharge injunction (11 U.S.C. § 524), it is not."

24.     Therefore Defendant's statements to the state Court in the Requests for Garnishment of Wages and Property that there were amounts due by Plaintiff were false, in direct violation of 15 U.S.C. §§ 1692e, e(2)(a), e(10).

25.     As Defendant was legally precluded from collecting on this debt, the garnishment of Plaintiff's wages and property were improper and in direct violation of 15 U.S.C. §§ 1692f(1).

26.     Plaintiff had filed bankruptcy specifically to gain relief from her creditors and to stop these kinds of collection efforts.

27.     Defendant also refused to compensate Plaintiff for the administrative fee she was assessed that was caused by Defendant's improper garnishment request.

28.     As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

**WHEREFORE**, Plaintiff prays that judgment be entered against each Defendant:

a)  For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendant and for Plaintiff;

b)  For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendant and for Plaintiff;

c)  For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendant and for Plaintiff; and

d)  For such other and further relief as this Court deems just and proper.

**TRIAL BY JURY**

29.     Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

Respectfully submitted this 26th day of January, 2012;

BARBARA C. RICHARDS

By:
/s/
Robinson S. Rowe, Bar No. 27752
Attorney for the Plaintiff
Rowe Barnett, PLLC
5906 Hubbard Dr., Suite 4-A
Rockville, MD 20852
TEL: 301-770-4710 / FAX: 301-770-4711
interoffice@rowepllc.com